**Michelle B. BUSH, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 05–3082.

United States Court of Appeals, Federal Circuit.

Feb. 1, 2005.

Before MICHEL, Chief Judge, BRYSON and PROST, Circuit Judges.

BRYSON, Circuit Judge.

ORDER

Michelle B. Bush moves for an extension of time to submit various papers. We consider whether Bush's petition for review should be dismissed as untimely filed.

In 1996, the Merit Systems Protection Board affirmed Bush's removal by the Federal Trade Commission. In 1997, this court dismissed Bush's petition for review of that decision, for failure to pay the docketing fee or submit a completed in forma pauperis motion. In 1998, the Board dismissed as untimely Bush's appeal regarding her resignation in 1985 from the Department of Treasury. In 2001, Bush filed an appeal with the Board requesting regulation review and review of personnel records for compliance with Office of Personnel Management regulations. The Board dismissed Bush's appeal on May 15, 2002 (CB1205010020–U–1). On December 13, 2004, this court received a letter from Bush regarding the status of her case which we treated as a petition for review of the Board's most recent decision.

A petition for review must be received by the court within 60 days of the Board's final decision or order. 5 U.S.C. § 7703(b)(1). To be timely filed, the petition must be received by this court on or before the date that the petition is due. *Pinat v. Office of Personnel Management,* 931 F.2d 1544, 1546 (Fed.Cir.1991) (petition is filed when received by this court; court dismissed petition received nine days late). If Bush's petition for review in this court was untimely filed, we must dismiss his petition for review. *See Monzo v. Dep't of Transp. Fed. Aviation Admin.,* 735 F.2d 1335, 1336 (Fed.Cir.1984) (the period for petitioning for review is statutory, mandatory, and jurisdictional); *Pinat,*

931 F.2d at 1546 (deadline for filing petition for review may not be waived).

Here, Bush's petition for review was received well beyond the due date. To the extent Bush is inquiring about the status of her previous petition for review in this court, as she is aware, that petition was dismissed in 1997 for failure to pay the docketing fee.

Accordingly,

IT IS ORDERED THAT:

(1) Bush's motion for an extension of time is denied.

(2) Bush's petition for review is dismissed as untimely.

(3) Each side shall bear its own costs.